**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | |
|---|---|
| **COLBY BAIRD, on behalf of himself and others similarly situated,** | |
| *Plaintiff,* | |
| v. | **Civil Action No. 7:20-cv-51** |
| **PRO OIL & GAS SERVICES, LLC,** | |
| *Defendant.* | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

1.     Named Plaintiff Colby Baird ("Plaintiff") brings this collective and class action individually, on behalf of those similarly situated, and on behalf of the proposed Rule 23 New Mexico Class, against Defendant Pro Oil & Gas Services, LLC ("Defendant"), and in support shows the Court the following:

**Nature of this Lawsuit**

2.     Defendant is an oilfield services company that provides drilling, completion and other oilfield services to its clients at oilfield job sites throughout Texas and New Mexico.[1]

3.     Defendant employed Plaintiff and other individuals to directly and indirectly provide its oilfield services to Defendant's customers and paid them on a non-exempt basis ("Non-Exempt Employees" or "NEEs"), but fails to pay them overtime as required by state and federal overtime law.

4.     Defendant specifically violated federal and state overtime law by failing to pay NEEs (1) an overtime premium for all overtime hours worked; and (2) overtime at the legally required rate.

---

[1] https://proosllc.com/ (last visited Feb. 28, 2019).

ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT                    Page - 1

5.      **Shaved Hours Policy:** Defendant has violated state and federal overtime law by failing to pay an overtime premium for all overtime hours worked by Plaintiff and other NEEs. Pursuant to Defendant's companywide employment policy ("Shaved Hours Policy"):

- NEEs were required to record their hours worked in Defendant's electronic time-keeping system by clocking-in at Defendant's field offices prior to heading to a customer jobsite and clocking-out when they returned from a customer jobsite. The data entered is processed by Defendant to calculate the pay of the NEEs.

- Managers at Defendant's field offices have access to the data entered by NEEs, and can manipulate and/or edit the recorded hours entered by NEEs before the data is processed by Defendant and the pay of the NEE is calculated.

- Managers in charge of each of Defendant's field offices, with the knowledge and complicity of Defendant, altered the electronic records of the hours worked by the NEEs to reflect a lower number of hours worked by the NEEs than the actual hours worked[2] ("Shaved Hours").

- Defendant set a budget and a maximum amount of "employee hours" allotted to complete each oilfield job for its customers. However, the number of hours allotted for each job was often inadequate for NEEs to complete the work necessary to complete each job.

- Defendant pressures and incentivizes its managers to stay within the budgeted amount of "employee hours" allotted for each job. Managers engaged in the Shaved Time practice in order to stay within the number of employee hours budgeted to complete each job.

Because Defendant's Shaved Hours Policy resulted in Plaintiff and other NEEs not being credited or paid for all hours worked, including overtime hours, Defendant violated state and federal overtime laws by failing to pay Plaintiffs' overtime compensation for all hours worked in excess of 40 hours per workweek.

6.      **Overtime Miscalculation Policy:** Defendant has also violated state and federal overtime law by miscalculating the overtime rate it paid to Plaintiff and other NEEs for the overtime

---

[2] Defendant utilized Paycom's time-keeping software to track, and later alter, employee time records. In fact, Paycom's website actually **promotes** this practice by **touting** that its time keeping software allows employers to "**control clock in/out times so employees are only paid for scheduled shifts.**" www.paycom.com/our-solution/time-clocks-and-terminals/ (last visited February 28, 2020).

it actually managed to pay them. Defendant specifically miscalculated overtime by failing to include all required remuneration earned by NEEs into the regular rate of pay to determine overtime compensation. This policy did not depend on the specific form of pay provided to Plaintiff or other NEEs. Rather, Defendant **categorically** excluded **all** additional pay—other than hourly pay— provided to NEEs from the regular rate of pay. The additional payments excluded from the regular rate of pay ("Additional Pay") include, without limitation, job bonuses and other non-discretionary bonus pay. Defendant's policy of categorical exclusion of Additional Pay from the regular rate ("Overtime Miscalculation Policy") violated federal and state overtime law.

7.      Plaintiff brings this action individually and on behalf of other NEEs who, due to Defendant's Overtime Miscalculation Policy, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in one or more individuals work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

8.      Plaintiff also brings class action claims under New Mexico state law under the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-19, *et seq.*

9.      Plaintiff brings his NMMWA claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay him and other NEEs who worked in New Mexico for all earned overtime pay.

**The Parties**

10.      Plaintiff is a Texas resident who worked for Defendant in this District from approximately June 2019 to August 2019.

11.      Defendant is a Delaware limited liability company with its principal place of business in Texas.

**Jurisdiction & Venue**

12.     This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law and specifically the FLSA.

13.     This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendant. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

14.     Venue is proper in the District because a substantial portion of the events forming the basis of this suit occurred in this District.

**Factual Allegations**

15.     Plaintiff worked for Defendant as an NEE in the last three (3) years.

16.     Defendant employed Plaintiff and other NEEs to directly and indirectly provide Defendant's wireline and other services to Defendant's customers.

17.     Plaintiffs and other NEEs regularly worked in excess of 40 hours per week, but were not paid in compliance with the FLSA or the NMMWA.

18.     Defendant violated the FLSA and the NMMWA by paying Plaintiff and other NEEs pursuant to the (1) Shaved Hours Policy that failed to pay NEEs for all hours worked; and (2) Overtime Miscalculation Policy that failed to include all required remuneration, including but not limited to Additional Pay, into NEEs' regular rate to calculate overtime.

19.     Defendant required Plaintiff to work over 40 hours in one or more individual workweeks in the last three (3) years.

20.     Defendant required Plaintiff to work over 40 hours in one or more individual workweeks in New Mexico in the last three (3) years.

21.     During his employment with Defendant, Plaintiff worked over 40 hours in one or more individual workweeks in the last three (3) years.

22.     During his employment with Defendant, Plaintiff worked over 40 hours in one or more individual workweeks in New Mexico the last three (3) years.

23.     Defendant classified Plaintiff as non-exempt from the overtime provisions of the FLSA and the NMMWA.

24.     Defendant paid Plaintiff on a non-exempt basis.

25.     When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times his regular rate of pay for hours worked over 40.

26.     When Plaintiff worked over 40 hours in individual workweeks in New Mexico, Defendant did not pay Plaintiff overtime at one-and-one-half times his regular rate of pay for hours worked over 40 in New Mexico.

27.     During his employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

28.     During his employment, Defendant was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

29.     During his employment, Plaintiff was an "employee" of Defendant as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

30.     During his employment, Defendant was Plaintiff's "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

31.     Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

32.     Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

33.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

**Collective Action Allegations**

34.     Plaintiff brings his FLSA claims as a collective action.

35.     Plaintiff's consent form to participate in this collective action are being filed at the same time as this Complaint.

36.     The collective action is defined as follows:

> All non-exempt workers employed by Defendant in the last three years who received Additional Pay that Defendant excluded from the regular rate to calculate overtime or who reported their hours worked on a timekeeping mechanism that allowed management to manually alter previously entered employee time records[3] ("Collective Action Members"). [4]

37.     Plaintiff and the Collective Action Members performed the same or similar job duties. Specifically, Defendant employed all NEEs to directly and indirectly provide its oilfield services to customers. Defendant subjected all NEEs to the same illegal pay provisions: The Overtime Miscalculation Policy and Shaved Hours Policies that respectively failed to pay the NEEs (1) overtime for all hours worked in excess of 40 per workweek; and (2) one-and-one-half times their regular rate of pay for all overtime hours worked. Accordingly, Collective Action Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

38.     Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances

---

[3] Defendant utilized Paycom's time-keeping software to track, and later alter, employee time records. In fact, Paycom's website actually **promotes** this practice by **touting** that its time keeping software allows employers to "**control clock in/out times so employees are only paid for scheduled shifts**." www.paycom.com/our-solution/time-clocks-and-terminals/ (last visited February 28, 2020).

[4] *See e.g. Campbell v. Advantage Sales & Mktg.*, LLC, 1:09–cv–1430, 2010 WL 3326752, at *5 (S.D. Ind. Aug. 24, 2010) (granting conditional certification where plaintiffs presented evidence they were subject to policy of denying overtime compensation, but limiting class to employees who reported time on one of three timekeeping systems, because plaintiffs alleged as part of their evidence that managers made downward adjustments to time, and only one of three timekeeping systems allowed for such manual adjustments).

of the Collective Action Members: Plaintiff's experience is typical of the experience of the Collective Action Members. All Collective Action Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for all hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact commonly apply to the Plaintiff and all Collective Action Members who worked for Defendant during the statutory time period.

39.     Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

40.     Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

41.     Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

42.     Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime at the legally required rate.

**Class Action Allegations**

43.     Plaintiff also seeks class certification under Fed. R. Civ. P. 23 of the following state law sub-class:

> All non-exempt workers employed by Defendant who worked at least one workweek of over 40 hours in New Mexico in the last three years who received Additional Pay that Defendant excluded from the regular rate to calculate overtime or who reported their hours worked on a timekeeping mechanism that allowed management to manually alter previously entered employee time records[5] ("Collective Action Members").

---

[5] Defendant utilized Paycom's time-keeping software to track, and later alter, employee time records. In fact, Paycom's website actually **promotes** this practice by **touting** that its time keeping software allows employers to "**control clock in/out times so employees are only paid for scheduled shifts**." www.paycom.com/our-solution/time-clocks-and-terminals/ (last visited February 28, 2020).

44.     The New Mexico Class has more than 40 members.

45.     As a result, the New Mexico Class is so numerous that joinder of all members is not practical.

46.     There are questions of law or fact common to the New Mexico Class, including: (1) whether Defendant violated the NMMWA by refusing to pay the New Mexico Class overtime pay at the rate required by the NMMWA; (2) whether Defendant violated the NMMWA by failing to pay the New Mexico Class for all hours worked in excess of 40 in an individual workweek; (3) the proper measure of damages sustained by the New Mexico Class; and (4) whether Defendant should be enjoined from such actions in the future.

47.      The overtime claims of Plaintiff are typical of those of the New Mexico Class because they arise from Defendant's uniform compensation policies.

48.     Defendant's defenses to Plaintiff's NMMWA claims are typical of its defenses to those of the New Mexico Class because they are grounded in the same compensation practices.

49.     Plaintiff can fairly and adequately protect the interests of the New Mexico Class because he is asserting the same claims as the New Mexico Class.

50.     Plaintiff can fairly and adequately protect the interests of the New Mexico Class because he has no interests adverse to the New Mexico Class.

51.     Plaintiff can fairly and adequately protect the interests of the New Mexico Class because he has retained counsel experienced in class action employment litigation.

52.     The common questions of law and fact predominate over the variations which may exist between members of the New Mexico Class, if any.

53.     Plaintiff and the members of the New Mexico Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

54.     If individual actions were required to be brought by each member of the New Mexico Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as Defendant.

55.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the New Mexico Class is entitled.

56.     The books and records of Defendant are material to the New Mexico Class's claims because they disclose the hours worked by each member of the New Mexico Class and the rate of pay for that work.

### COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

57.     Plaintiff incorporates all allegations previously made in this Complaint.

58.     During the relevant time period, Defendant violated and continues to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing Plaintiff and the Collective Action Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-one-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the Collective Action Members in accordance with the law.

WHEREFORE, Plaintiff, individually and on behalf of the Collective Action Members, seeks a judgment against Defendant as follows:

A.      All unpaid overtime wages due to Plaintiff and the Collective Action Members;

B.      Liquidated damages equal to the unpaid overtime compensation due, or in the absence of liquidated damages, prejudgment interest on the amount of overtime wages due;

B.      Post-judgment interest;

C.       Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D.       Such other relief as the Court deems appropriate.

**COUNT II**
**Violation of the New Mexico Minimum Wage Act**
**(Class Action)**

59.       Plaintiff incorporates all allegations previously made in this Complaint.

60.       Plaintiff and the New Mexico Class are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendant violated and continues to violate the NMMWA by regularly and repeatedly failing to pay employees for all hours worked and paying overtime wages at a rate of at least one-and-one-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the New Mexico Class have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the New Mexico Class are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under the NMMWA. Moreover, Plaintiff requests for this lawsuit to encompass all NMMWA violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

WHEREFORE, Plaintiff, individually and on behalf of the New Mexico Class, seeks a judgment against Defendant as follows:

A.   All unpaid overtime wages due to Plaintiff and the New Mexico Class;

C.       Treble damages equal to twice the unpaid overtime compensation due;

B.       Post-judgment interest;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D.    Such other relief as the Court deems appropriate.

Respectfully submitted,


s/Jack Siegel
JACK SIEGEL
Jack@siegellawgroup.biz
Texas Bar No. 24070621
Siegel Law Group PLLC
4925 Greenville Ave | Suite 600
Dallas, Texas 75206
P: (214) 790-4454
www.4overtimelawyer.com

TRAVIS M. HEDGPETH
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
P: (281) 572-0727
travis@hedgpethlaw.com


**Attorneys for Plaintiff and others similarly situated**



**ATTORNEYS FOR PLAINTIFF**



**CERTIFICATE OF SERVICE**

This is the Original Complaint. Service of this Complaint will be made on Defendant with

summons to be issued by the clerk according to the Federal Rules of Civil Procedure.



*/s/ Jack Siegel*
**JACK SIEGEL**


ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT                    Page - 12